UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH ALLEN RUSSELL,

　　　　Plaintiff,

　　　　　　　　　　　　　　　　CASE NO. 2:10-CV-14824
v.　　　　　　　　　　　　　　　JUDGE PAUL D. BORMAN
　　　　　　　　　　　　　　　　MAGISTRATE JUDGE PAUL KOMIVES

LINDA TRIBLEY, et al.,

　　　　Defendants.
_____/

**REPORT AND RECOMMENDATION:**
**(1) THE MDOC DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (docket #20);**
**(2) PLAINTIFF'S PETITION FOR A STAY (docket #22);**
**(3) THE PHS DEFENDANTS' MOTION TO DISMISS (docket #24);**
**(4) PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (docket #34);**
**(5) PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION (docket #39); and**
**(6) PLAINTIFF'S MOTION FOR JURY TRIAL (docket #40)**

I.　　RECOMMENDATION ................................................................. 1
II.　 REPORT .......................................................................... 2
　　　A.　 *Procedural Background* ........................................................ 2
　　　B.　 *Defendants' Motions to Dismiss and Plaintiff's Petition to Stay Ruling* .................... 2
　　　　　 1.　 *Legal Standard* ...................................................... 3
　　　　　 2.　 *Exhaustion* ......................................................... 5
　　　　　 3.　 *Stay of Ruling Pending Discovery* ...................................... 8
　　　C.　 *Plaintiff's Motion for Default Judgment* ......................................... 11
　　　D.　 *Plaintiff's Motion for Preliminary Injunction* .................................... 14
　　　　　 1.　 *Legal Standard* ..................................................... 15
　　　　　 2.　 *Analysis* .......................................................... 18
　　　E.　 *Plaintiff's Motion to Proceed to Jury Trial* ...................................... 20
　　　F.　 *Conclusion* ................................................................ 21
III.　 NOTICE TO PARTIES REGARDING OBJECTIONS ..................................... 21

\*　　　\*　　　\*　　　\*　　　\*

I.　　RECOMMENDATION: The Court should deny plaintiff's petition to stay (docket #22), and

should grant the MDOC defendants' motion for summary judgment and the PHS defendants' motion

to dismiss (docket #20 and #24).   The Court should also deny plaintiff's motions for default

judgment and preliminary injunction (docket #34 and #39).   Finally, the Court should note plaintiff's

jury trial demand and direct the Clerk to designate this matter as a jury action on the docket in

accordance with Rule 39, but should deny in all other respects plaintiff's motion for jury trial (docket #40).

II.    <u>REPORT</u>:

A.    *Procedural Background*

Plaintiff Kenneth Allen Russell, a state prisoner, filed a *pro se* civil rights complaint on December 6, 2010, alleging that he has been denied proper medical care while incarcerated in several Michigan Department of Corrections facilities. Principally, plaintiff alleges that defendants have failed to provide him required treatment for chronic back pain in the form of orthopedic shoes and epidural shots. Plaintiff also alleges several other claims that he was denied or provided inadequate medical care. Plaintiff names as defendants numerous MDOC and Prison Health Service employees, as well as various Jane/John Doe defendants. The parties have filed numerous motions which are currently pending before the Court. This Report addresses: (1) the motion of defendants Tribley, Hunter, Royner-Thompson, Scutt, and Creger (the "MDOC defendants") for summary judgment, filed on February 23, 2011 (docket #20); (2) the motion of defendants Hallworth, Jackson, and Prokosch-Graves (the "PHS defendants") to dismiss, filed on March 15, 2011 (docket #24); (3) plaintiff's petition to stay ruling on defendants' summary judgment motion, filed on March 4, 2011 (docket #22); (4) plaintiff's motion for default judgment, filed on April 19, 2011 (docket #34); (5) plaintiff's motion for preliminary injunction, filed on May 18, 2011 (docket #39); and (6) plaintiff's motion to proceed to jury trial, filed on May 18, 2011 (docket #40).

B.    *Defendants' Motions to Dismiss and Plaintiff's Petition to Stay Ruling*

The MDOC defendants who have been served and have appeared in this action–defendants Tribley, Hunter, Royner-Thompson, Scutt, and Creger–move for summary judgment on the grounds

2

that plaintiff has failed to properly exhaust his administrative remedies and has failed to properly allege that they were personally involved in the alleged deprivation of his rights. The PHS defendants likewise move to dismiss plaintiff's claims on the grounds that plaintiff has failed to properly exhaust his administrative remedies and has failed to allege that they deprived him of his constitutional rights. For the reasons that follow, the Court should grant defendants' motions.

    1.    *Legal Standard*

A motion to dismiss for failure to state a claim upon which relief can be granted is provided for in FED. R. CIV. P. 12(b)(6). In order for a court to dismiss a complaint for failure to state a claim, it must appear beyond doubt that the party asserting the claim can prove no set of facts supporting his claim that would entitle him to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The party asserting the claim is not required to specifically set out the facts upon which he or she bases his claim. *Id*. at 47. Rather, "a short and plain statement of the claim" pursuant to FED. R. CIV. P. 8(a)(2) gives the opposing party fair notice of the claim and the grounds upon which it rests. *See Conley*, 355 U.S. at 47. However, as the Supreme Court has recently explained, bare legal conclusions need not be accepted by the Court, and a pleading must contain sufficient factual allegations to show that the allegations are plausible:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in [*Bell Atlantic Corp. v.*] *Twombly* , 550 U.S. 544 [(2007)], the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id*., at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*., at 557.
>     To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*.,

at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*, at 557 (brackets omitted).

Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.*, at 555 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009) (parallel citations omitted).

A court can only decide a Rule 12(b)(6) motion on the basis of the pleadings; if the court considers matters outside the pleadings, the court must convert the motion into one for summary judgment under Rule 56. *See Kostrzewa v. City of Troy*, 247 F.3d 633, 643-44 (6th Cir. 2001); *Weiner v. Klais & Co.*, 108 F.3d 86, 88 (6th Cir. 1997). Although the parties have submitted some materials outside the pleadings, this does not require the Court to treat the motions as ones seeking summary judgment. The records attached by the parties consist solely of plaintiff's administrative

4

grievances.  It is well established that a court may consider public records and facts susceptible to judicial notice without converting a motion to dismiss into one for summary judgment.  *See Grynberg v. Koch Gateway Pipeline Co.*, 390 F.3d 1276, 1278 n.1 (10th Cir. 2004); *New England Health Care Employees Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003); *Menominee Indian Tribe of Wis. v. Thompson*, 161 F.3d 449, 456 (7th Cir. 1998).  The Court may take judicial notice of the administrative records reflecting plaintiff's exhaustion of administrative remedies without converting the motions into ones for summary judgment.  *See Bradfield v. Correctional Medical Servs.*, No. 1:07-cv-1016, 2008 WL 5685586, at *4-*5 (W.D. Mich. July 3, 2008) (citing cases); *Walker v. Woodford*, 454 F. Supp. 2d 1007, 1022 (S.D. Cal. 2006).

    2.    *Exhaustion*

Pursuant to the Prison Litigation Reform Act (PLRA), inmates challenging their conditions of confinement must exhaust their administrative remedies before pursuing a federal civil rights action.  Specifically, the PLRA provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  "The PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

In order to properly exhaust a civil rights claim, a prisoner must comply with the prison system's "procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006).  As the Supreme Court recently explained, the scope of a prisoner's obligation to exhaust is defined not by the PLRA itself, but by the prison's grievance

5

procedures:

> [T]o properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules, rules that are defined not by the PLRA, but by the prison grievance process itself. Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to "properly exhaust." The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Jones v. Bock*, 549 U.S. 199, 218 (2007) (citations omitted).

Michigan provides for a three-step grievance procedure. A Step I grievance is directed to the Step I Grievance Coordinator at the facility in which the prisoner is incarcerated. If the prisoner is dissatisfied with the Step I response, she may file a Step II appeal to the Warden of the facility. If the prisoner is again dissatisfied with the Step III response, she may file a Step III appeal to the Director of the Department of Corrections or her designee. *See* MICH. DEP'T OF CORRECTIONS POLICY DIRECTIVE 3.02.130(V), (BB), (FF) (effective July 9, 2007). The Policy Directive provides that a prisoner must include "the <u>facts</u> involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places, and names of all those involved in the issue being grieved are to be included." *Id.*, § (R).

The administrative grievance records attached to plaintiff's complaint and the MDOC defendants' motion to dismiss reveals that plaintiff pursued five grievances through Step III of the grievance process:

- <u>JCF-2010-12-2674-16d</u>, which grieves an issue concerning his denial of parole, and is not related to the issues involved in this case.

- <u>OCF-2010-08-00663-12z</u>, which does grieve the failure to provide him with orthopedic shoes by staff at Ojibway Correctional Facility, but which despite containing seven additional pages detailing his complaints does not name a single individual.

6

- MPB-2009-08-1809-12h1, filed while plaintiff was incarcerated in the Marquette Branch Prison, which grieved a dietary issue not alleged in the complaint and which named only Sandra Schuker, who is not named as a defendant in plaintiff's complaint.

- ACF-2007-06-0459-15b, filed while plaintiff was incarcerated in the Florence Crane Correctional Facility, which grieves a denial of legal mail issue that is not alleged in the complaint.

- MTF-2005-02-00089-12d23, filed while plaintiff was incarcerated in the West Shoreline Correctional Facility, which generically grieves problems in treatment of his back condition, but which does not name any individuals.

*See* MDOC Def.s' Br., Ex. A.

A review of these grievances shows that plaintiff has failed to properly exhaust his administrative remedies with respect to the moving defendants. Only two of the five grievances that plaintiff pursued through Step III relate to the medical issues involved in plaintiff's complaint, and those grievances do not name any of the moving defendants. Nor can either of the two relevant grievances be deemed to provide notice to defendants that they were the subject of the grievances. None of the moving defendants were officials at the West Shoreline Correctional Facility; rather, they are officials of Prison Health Services, who is not named in the grievance or officials employed at the Ojibway or Cotton Correctional Facilities or the Marquette Branch Prison. *See* Compl., at 2. Nor could the Ojibway grievance have provided the moving defendants notice that their conduct was the subject of the grievance. Only defendant Tribley was employed at that facility, and she was the warden. The Ojibway grievance does not identify Tribley by name or title, and references only Health Care or Health Care staff. Thus, plaintiff has failed to exhaust his administrative remedies with respect to the moving defendants.

Plaintiff's reliance on his medical kites and various letters to government officials do not

suffice to establish exhaustion.  As noted above, the exhaustion requirement of § 1997e mandates

that a prisoner utilize and follow the grievance procedures put in place by the prison system.  *See*

*Jones*, 549 U.S. at 218.  Medical kites, which are merely informal requests for medical services, do

not constitute utilization of a prison's formal grievance system and do not suffice to establish

exhaustion of administrative remedies under § 1997e.  *See King v. Dingle*, 702 F. Supp. 2d 1049,

1068 (D. Minn. 2010); *Finley v. Correctional Health Care Mgmt.*, No. 06-cv-01610, 2007 WL

3342580, at *7 (D. Colo. Nov. 9, 2007); *Spaulding v. Oakland County Jail Medical Staff*, No. 4:07-

cv-12727, 2007 WL 2336216, at *3 (E.D. Mich. Aug. 15, 2007) (Gadola, J.).  Likewise, letters to

prison or government officials do not establish exhaustion of administrative remedies.  *See Shepard*

*v. Wilkinson*, 27 Fed. Appx. 526, 527 (6th Cir. 2001); *Perez v. Blot*, 195 F. Supp. 2d 539, 545

(S.D.N.Y. 2002).  Accordingly, the Court should conclude that plaintiff has failed to exhaust his

administrative remedies with respect to the moving defendants–Tribley, Hunter, Royer-Thompson,

Scutt, Creger, Hallworth, Jackson, and Prokosch-Graves–and should grant their motions to dismiss.

      3.    *Stay of Ruling Pending Discovery*

      In addition to his responses to defendants' motions, plaintiff has also filed a petition to stay

a ruling on defendants' motions pending further discovery.  Plaintiff argues that the motions should

not be decided until he has obtained discovery.  The Court should deny plaintiff's petition to stay.

      First, because defendants' motions are appropriately resolved under the standards governing

motions to dismiss set forth in Rule 12(b)(6), the existence of an opportunity for discovery is

irrelevant.  As explained above, a Rule 12(b)(6) analysis is confined to the pleadings and to facts

of which the Court may take judicial notice.  No amount of discovery can affect whether a complaint

states a claim for purposes of Rule 12(b)(6).  *See Mitchell v. McNeil*, 487 F.3d 374, 379 (6th Cir.

2007) (because plaintiffs' complaint failed to state a claim for relief, "it follows that the district court did not err in granting defendants' Rule 12(b)(6) motion before permitting discovery by plaintiffs"); *Ervin v. Hammond*, No. 3:05CV059, 2008 WL 901185, at *12 (W.D.N.C. Mar. 31, 2008) (at the motion to dismiss "stage, of course, discovery is irrelevant."); *cf. Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989) (the purpose of Rule 12(b)(6) is to "streamline[] litigation by dispensing with needless discovery and factfinding.").

Further, even under the standards governing summary judgment motions a stay for further discovery is not appropriate. Rule 56(d) (formerly Rule 56(f)) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." FED. R. CIV. P. 56(d). As another court in this Circuit has explained:

> When a party opposing a motion for summary judgment believes that further discovery is needed to develop the issues addressed in the motion, that party must file an affidavit pursuant to Fed.R.Civ.P. 56(f) ("R.56(f)"), to "indicate to the district court its need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information." *Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000). Rule 56(f) provides as follows:
>
>> Should it appear from the affidavits of a party opposing the motion [for summary judgment] that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.
>
> Rule 56(f) is the means by which a party resisting a motion for summary judgment fulfills the "obligation to inform the district court of his need for discovery . . . ." *Cacevic*, 226 F.3d at 488 (quoting *Vance ex rel. Hammons v. United States*, 90 F.3d 1145, 1149 (6th Cir. 1996)). The party seeking additional discovery must "affirmatively demonstrate . . . how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." *Good v. Ohio Edison Co.*, 149 F.3d 413, 422 (6th

9

Cir.1998) (internal quotation marks omitted).

> The filing of a Rule 56(f) affidavit is no mere formality:
>
> > We, like other reviewing courts, place great weight on the Rule 56(f) affidavit, believing that "[a] party may not simply assert in its brief that discovery was necessary and thereby overturn summary judgment when it failed to comply with the requirement of Rule 56(f) to set out reasons for the need for discovery in an affidavit." The Second Circuit Court of Appeals has similarly explained that "[a] reference to Rule 56(f) and to the need for additional discovery in a memorandum of law in opposition to a motion for summary judgment is not an adequate substitute for a Rule 56(f) affidavit . . . and the failure to file an affidavit under Rule 56(f) is itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate."
>
> *Cacevic*, 226 F.3d at 488 (quoting *Evans v. Technologies Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir.1996)) (citations omitted) (alterations in original). "Where a party opposing summary judgment and seeking a continuance pending completion of discovery fails to take advantage of the shelter provided by Rule 56(f) by filing an affidavit, there is no abuse of discretion in granting summary judgment if it is otherwise appropriate." *Id.*

*Gencorp, Inc. v. AIU Ins. Co.*, 304 F. Supp. 2d 955, 960 (N.D. Ohio 2004); *see also*, *Gettings v. Building Laborers Local 310 Fringe Benefit Fund*, 349 F.3d 300, 305 (6th Cir. 2003); *Cacevic*, 226 F.3d at 488; *Evans*, 80 F.3d at 961. Thus "a party may not simply assert in its brief that discovery was necessary and thereby overturn summary judgment when it failed to comply with the requirement of Rule 56(f) to set out reasons for the need for discovery in an affidavit." *Evans*, 80 F.3d at 961 (internal quotation omitted); *see also*, *Whalen v. Century Communications*, No. 97-16572, 1999 WL 109630, at *1 (9th Cir. Dec. 10, 1998) ("An inadequate discovery time argument fails where the party complaining failed to take advantage of the procedural remedy offered in Rule 56(f).").

Although plaintiff makes a general claim that he needs further discovery to prosecute his action, he does not argue in his response to defendants' motions that further specific discovery is needed. Specifically, he does not point to any potential discovery which could show that he

10

exhausted his administrative remedies with respect to the moving defendants. Thus, plaintiff has failed to point to any additional evidence that discovery could uncover which would bear on the moving defendants' entitlement to dismissal. Further, plaintiff has failed to file an affidavit or declaration pursuant to Rule 56(d) detailing the need for further discovery. *See Short v. Oaks Correctional Facility*, 129 Fed. Appx. 278, 281-82 (6th Cir. 2005) (applying Rule 56(d) requirements to *pro se* plaintiff); *Summers*, 368 F.3d at 887. *See generally*, *Dicesare v. Stuart*, 12 F.3d 973, 979 (10th Cir. 1993) (Rule 56(d) requirements apply to *pro se* parties).[1] Accordingly, the Court should deny plaintiff's petition for a stay.

C.    *Plaintiff's Motion for Default Judgment*

As part of his response to defendants' motions, plaintiff also seeks default judgment. The Court should deny this motion, for two reasons.

First, a default judgment is not available based on a defendant's failure to respond to the complaint where, as here, the plaintiff is a prisoner seeking relief under § 1983. In part, the Prison Litigation Reform Act amended the Civil Rights of Institutionalized Persons Act to provide that "[a]ny defendant may waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983 of this title or any other Federal law." 42 U.S.C. § 1997e(g)(1). Further, under this provision "[n]o relief shall be granted to the plaintiff unless a reply has been filed." *Id*. As the Supreme Court has explained, pursuant to this provision

---

[1] As the Sixth Circuit noted in *Cacevic*, some courts have held that a *pro se* party need not strictly comply with the technical requirements of Rule 56(d); thus, for example, a *pro se* brief which contains the information required by Rule 56(d) may suffice even in the absence of an affidavit. *See Cacevic*, 226 F.3d at 488-89. Here, however, plaintiff has provided the Court with none of the information required by Rule 56(d) to support his need for further discovery. Thus, as in *Cacevic*, the Court need not consider whether some filing short of an affidavit would be sufficient because plaintiff "complied with neither the technical nor the substantive aspects of the rule." *Cacevic*, 226 F.3d at 489.

"unlike in the typical civil case, defendants do not have to respond to a complaint covered by the PLRA until required to do so by the court, and waiving the right to reply does not constitute an admission of the allegations in the complaint." *Jones v. Bock*, 549 U.S. 199, 213-14 (2007). Thus, where a defendant has failed to respond to a civil rights complaint brought by a prisoner, the Court's sole power is to order the defendant to file a reply. *See* 42 U.S.C. § 1997e(g)(2). However, under the plain terms of subsection (1) the Court may not afford plaintiff any relief, including a default judgment, until after a reply has been filed. In other words, "[u]nder the explicit language of § 1997e(g)(1), prisoner plaintiffs filing suits under § 1983 are not entitled to entry of default judgment against a defendant who has been properly served, but nevertheless has not filed any reply." *Lafountain v. Martin*, No. 1:07-cv-76, 2009 WL 4729933, at *4 (W.D. Mich. Dec. 3, 2009) (citing cases); *see also*, *Young v. Brown*, 328 Fed. Appx. 534, 535 (9th Cir. 2009); *Friske v. Scutt*, No. 07-CV-13747, 2008 WL 2705505, at *1 (E.D. Mich. July 10, 2008) (Rosen, J., adopting report of Hluchaniuk, M.J.); *Olmstead v. Balcarcel*, No. 06-CV-14881, 2007 WL 2121937, at *3 (E.D. Mich. July 24, 2007) (Steeh, J., adopting report of Pepe, M.J.).

Further, even if default judgment were otherwise available to a prisoner such as plaintiff, plaintiff is not entitled to a default judgment here because the defendants did not fail to plead or otherwise defend the suit. Rule 55 allows a court to enter judgment against a defendant where the defendant has failed to plead or otherwise defend the claims pursuant to the Federal Rules. FED. R. CIV. P. 55(b)(2). "Trials on the merits are favored in the federal courts[.]" *Berthelsen v. Kane*, 907 F.2d 617, 620 (6th Cir. 1990). Accordingly, the Sixth Circuit has noted that "[j]udgment by default is a drastic step which should be resorted to only in the most extreme cases." *United Coin Meter Co., Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983). Although Rule

12

12(b)(1) requires a defendant to file a responsive pleading, "[b]efore a court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987). Thus, "[o]nly a court that has jurisdiction over the defendant may require that the defendant state its substantive position in the litigation." *Silva v. City of Madison*, 69 F.3d 1368, 1376 (7th Cir. 1995). Further, actual notice of the litigation is insufficient to permit a court to exercise jurisdiction over a defendant; rather, compliance with the requirements of Rule 4 must be shown. *See Mid-Continental Wood Prods., Inc. v. Harris*, 936 F.2d 297, 301 (7th Cir. 1991). "Because a party has no duty to plead until properly served, sufficient service of process is a prerequisite to entry of default." *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1269 n.2 (D. Kan. 2008); *see also*, *Geter v. Horning Bros. Mgmt.*, 502 F. Supp. 2d 69, 70 (D.D.C. 2007); *D'Onofrio v. Il Mattino*, 430 F. Supp. 2d 431, 437 (E.D. Pa. 2006).

Under Rule 12, "[a] defendant must serve an answer: (I) within 21 days after being served with the summons and complaint; or (ii) if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent . . . ." FED. R. CIV. P. 12(a)(1)(A). A defendant may also assert certain defenses in a motion to dismiss before filing a responsive pleading. *See* FED. R. CIV. P. 12(b). Here, the docket reflects that the requests for waivers of service executed by defendants Hallworth and Prokosch-Graves on January 14, 2011, making their responsive pleading due on March 15, 2011. They filed their motion to dismiss on that date. The requests for waivers of service executed by defendants Scutt, Gregor, Hunter, Royer-Thompson, and Tribley were sent on January 21, 2011, making their responsive pleading due on March 22, 2011. They filed their motion on February 23, 2011. It appears that the remaining defendants named in the complaint have not been served and have not executed waivers of service. Thus, all of the defendants have either

13

timely filed their responses under Rule 12 or have not yet been served, and therefore none of the defendants has defaulted under Rule 55. Accordingly, the Court should deny plaintiff's motion for default judgment.[2]

### D.   *Plaintiff's Motion for Preliminary Injunction*

Also pending before the Court is plaintiff's motion for preliminary injunction. In this motion, plaintiff seeks an injunction requiring defendants to provide him necessary health care. More specifically, he seeks an injunction requiring defendants to: (1) take him to an orthopedic specialist for an MRI, a nerve specialist, and a podiatrist for orthopedic shoes; (2) take him to an eye specialist for investigation of his vision problems; (3) take him to a skin specialist for investigation and treatment of a skin condition; and (4) order MDOC to pay for all associated costs relating to these specialist visits. The Court should deny this motion.

### 1.   *Legal Standard*

---

[2]In his motion, plaintiff seems to suggest not that he is entitled to a default judgment under Rule 55, but that the PHS defendants have defaulted on a contract with the MDOC to provide medical care and that he, as a third party beneficiary of that contract, is entitled to judgment. Such a contract claim is not asserted in plaintiff's complaint. Although the question of whether plaintiff has properly pleaded a breach of contract claim is not before the Court, I note that courts have generally found that prisoners do not constitute intended third-part beneficiaries of contracts between prisons and private health care providers with standing to enforce the contract, including one Judge of this Court applying Michigan contract law. *See Allah v. Hayman*, No. 08-1177, 2011 WL 1322186, at *4 (D.N.J. Apr. 1, 2011) (applying New Jersey law and citing cases); *Haithcox v. Greiner*, No. 06-11756, 2010 WL 1292712, at *5-*6 (Mar. 15, 2010) (Whalen, M.J.), *magistrate judge's report adopted*, 2010 WL 1292709 (E.D. Mich. Mar. 31, 2010) (Tarnow, J.). Further, plaintiff's asserted breach of contract claim is based on the failure of defendants to provide him appropriate medical care, and thus sounds in medical malpractice. Under Michigan law, a plaintiff asserting medical malpractice must comply with a number of procedural requirements, such as providing detailed notice of his claim to the defendant before filing suit and submitting an affidavit of merit from an expert along with his complaint, *see* MICH. COMP. LAWS §§ 600.2912b, .2912d, procedure requirements with which plaintiff does not allege he has complied. A plaintiff may not avoid these requirements by couching his medical malpractice claims in the language of ordinary negligence or breach of contract. *See Dorris v. Detroit Osteopathic Hosp. Corp.*, 460 Mich. 26, 43, 594 N.W.2d 455, 464 (1999).

"In the exercise of its discretion with respect to a motion for preliminary injunction, a district court must give consideration to four factors:  '(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction.'" *American Civil Liberties Union of Ky. v. McCreary County, Ky.*, 354 F.3d 438, 445 (6th Cir. 2003) (quoting *Rock and Roll Hall of Fame & Museum, Inc. v. Gentile Prods.*, 134 F.3d 749, 753 (6th Cir.1998)); *see also*, *Taubman Co. v. Webfeats*, 319 F.3d 770, 774 (6th Cir. 2003).

"'The four considerations applicable to preliminary injunction decisions are factors to be balanced, not prerequisites that must be met.'" *Hamad v. Woodcrest Condominium Ass'n*, 328 F.3d 224, 230 (6th Cir. 2003) (quoting *Michigan Bell Tel. Co. v. Engler*, 257 F.3d 587, 592 (6th Cir.2001)); *see also*, *Taubman Co.*, 319 F.3d at 774.  Notwithstanding this balancing approach, however, the likelihood of success and irreparable harm factors predominate the preliminary injunction inquiry.  Thus, "[a]lthough no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. National Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000); *see also*, *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1249 (6th Cir. 1997) ("While, as a general matter, none of these four factors are given controlling weight, a preliminary injunction issued where there is simply no likelihood of success on the merits must be reversed.").  Further, plaintiff bears the burden of demonstrating their entitlement to a preliminary injunction, and his burden is a heavy one.  "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d

566, 573 (6th Cir. 2002). "[T]he proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion." *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000). Thus, plaintiff may not merely point to genuine issues of material fact which exist, but must affirmatively demonstrate his entitlement to injunctive relief.

This already stringent burden is even more difficult to meet where, as here, a plaintiff seeks an injunction not merely to maintain the status quo pending resolution of the case but to obtain affirmative relief. As the Supreme Court has explained, the purpose of a preliminary injunction "is merely to preserve the relative positions of the parties until a trial on the merits can be held." *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). Because of this, courts have identified three types of particularly disfavored preliminary injunctions: "(1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford the movant all the relief that it could recover at the conclusion of a full trial on the merits." *Schrier v. University of Colorado*, 427 F.3d 1253, 1259 (10th Cir. 2005). Motions seeking such preliminary injunctive relief most be more closely scrutinized than the already-disfavored motion for preliminary junction which seeks to maintain the status quo. *See id*.; *Johnson v. Kay*, 860 F.2d 529, 540 (2d Cir. 1988).

With respect to the likelihood of success factor, plaintiff need not show that he is sure to prevail on any of his claims. However, he must, "at a minimum, show[] serious questions going to the merits and irreparable harm which decidedly outweighs any potential harm to the defendant if the injunction is issued." *Six Clinics Holding Corp. v. Cafcomp Sys., Inc.*, 119 F.3d 393, 400 (6th Cir. 1997) (internal quotation omitted); *see also, Gaston Drugs, Inc. v. Metropolitan Life Ins. Co.*,

16

823 F.2d 984, 988 & n.2 (6th Cir. 1987).  With respect to the harm factor, the harm that would result

in the absence of the injunction must be irreparable, not merely substantial.  As the Supreme Court

has noted,

> "The key word in this consideration is *irreparable*.  Mere injuries, however
> substantial, in terms of money, time and energy necessarily expended in the absence
> of a stay, are not enough.  The possibility that adequate compensatory or other
> corrective relief will be available at a later date, in the ordinary course of litigation,
> weighs heavily against a claim of irreparable harm."

*Sampson v. Murray*, 415 U.S. 61, 90 (1974) (quoting *Virginia Petroleum Jobbers Ass'n v. FPC*, 259

F.2d 921, 924 (D.C. 1958)).  In short, "[a] plaintiff's harm from the denial of a preliminary

injunction is irreparable if it is not fully compensable by monetary damages."  *Overstreet*, 305 F.3d

at 578.  In evaluating the harm facing the plaintiffs, the Court must evaluate three factors: "(1) the

substantiality of the injury alleged, (2) the likelihood of its occurrence, and (3) the adequacy of the

proof provided."  *Ohio ex rel. Celebrezze v. Nuclear Regulatory Comm'n*, 812 F.2d 288, 290 (6th

Cir. 1987).

Finally, in addition to these four factors which govern all preliminary injunctions, plaintiffs'

suit challenging the conditions of confinement is subject to § 802 of the Prison Litigation Reform

Act, which in relevant part provides:

> Preliminary injunctive relief must be narrowly drawn, extend no further than
> necessary to correct the harm the court finds requires preliminary relief, and be the
> least intrusive means necessary to correct that harm. The court shall give substantial
> weight to any adverse impact on public safety or the operation of a criminal justice
> system caused by the preliminary relief and shall respect the principles of comity set
> out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2).[3]

---

[3]The referenced principles of comity prevent a court from ordering "any prospective relief that requires or permits a government official to exceed his or her authority under State or local law or otherwise violates State or local law, unless—(i) Federal law requires such relief to be ordered in violation

2.    *Analysis*

Here, plaintiff has not met the stringent standards necessary to show his entitlement to a preliminary injunction which grants him affirmative relief.  First, the bulk of the relief requested by plaintiff is unrelated to any of the claims in his complaint.  Plaintiff's complaint attacks only the adequacy of the treatment that he received for his back and neck pain, and defendants' related failure to provide him with orthopedic shoes and epidural shots.  At no point in his complaint does plaintiff allege any inadequacies in the treatment of his vision or skin problems.  As the Supreme Court has explained, a preliminary injunction is appropriate to grant relief of "the same character as that which may be granted finally," but is inappropriate where the injunction "deals with a matter lying wholly outside of the issues in the suit." *De Beers Consol. Mines Ltd. v. United States*, 325 U.S. 212, 220 (1945); *see also*, *Kaimowitz v. Orlando*, 122 F.3d 41, 43 (11th Cir. 1997) ("A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit."); *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (a party moving for a preliminary injunction must establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint).  Because the bases on which plaintiffs seek a preliminary injunction with respect to his vision and skin problems are unrelated to the claims raised in the complaint, plaintiffs have failed to demonstrate a likelihood of success on the merits.  *See Guillen v. Thompson*, No. 08-1279, 2009 WL 2513501, at *6-*7 (D. Ariz. Aug. 14, 2009); *Baum v. Immel*, No. 2:05-CV-89, 2006 WL 666627, at *3 (W.D. Mich. Mar. 14, 2006).

---

of State or local law; (ii) the relief is necessary to correct the violation of a Federal right; and (iii) no other relief will correct the violation of the Federal right."  18 U.S.C. § 3626(a)(1)(B).

With respect to the back issues, plaintiff has likewise failed to satisfy the high threshold for establishing a likelihood of success on the merits. Plaintiff's complaint, on its face, establishes that he has received some treatment for his back condition, and challenges not the complete failure to provide treatment but the adequacy of the treatment that was provided. To succeed on an Eighth Amendment claim, plaintiffs must show that defendants were deliberately indifferent to the health or safety of the inmates. *See Farmer v. Brennan,* 511 U.S. 825, 834 (1994). "For injunctive relief, the plaintiff[] must show that the defendants were, at the time of the suit, 'knowingly and unreasonably disregarding an objectively intolerable risk of harm and that they will continue to do so.'" *Laube v. Haley*, 234 F. Supp. 2d 1227, 1242 (M.D. Ala. 2002) (quoting *Farmer*, 511 U.S. at 846). And as the Sixth Circuit has explained, "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas,* 537 F.2d 857, 860-61 n.5 (6th Cir. 1976). Here, in light of the fact that the complaint establishes plaintiff was receiving some medical treatment for his back condition, plaintiff has not meet his burden of demonstrating a strong likelihood of success on the merits. "If the plaintiff[] desire[s], [he] may renew [his] motion for such relief when [he] can provide additional information to the court [regarding his treatment]." *Laube*, 234 F. Supp. at 1243. "Until the plaintiff[] provide[s] such information, however, the court cannot find a substantial likelihood exists [he] will meet [the elements] of [his] Eighth Amendment claim," *id.*, or that he will suffer irreparable harm in the absence of an injunction. Accordingly, the Court should deny plaintiff's motion for a preliminary injunction.

E.      *Plaintiff's Motion to Proceed to Jury Trial*

Plaintiff has also filed a motion to proceed to trial by jury. To the extent that this motion is simply made as a demand for a jury trial under Rule 38, the Court should note plaintiff's demand and grant him a jury trial if and when the case reaches the trial stage. To the extent plaintiff is seeking an order establishing an immediate trial date or is suggesting that the Court not grant defendants' motions to dismiss without affording a trial, the Court should deny the motion.

Pursuant to Rule 38, "a party may demand a jury trial by . . . serving the other parties with a written demand–which may be included in a pleading . . . ." FED. R. CIV. P. 38(b)(1). To the extent that plaintiff's motion is simply asserting such a demand, the motion is proper and the Court should note plaintiff's demand and afford him a jury trial if and when the case reaches that stage of the proceedings. *See Smith v. Chrones*, No. 1:06-cv-01799, 2008 WL 697602, at *2 (E.D. Cal. Mar. 14, 2008) ("Plaintiff requests a jury trial. The court will accept this request as a demand for jury trial pursuant to Fed.R.Civ.P. 38. To the extent that plaintiff's request is a demand for immediate trial, it is DENIED."). The Court should direct the clerk to designate the action as a jury action on the docket in accordance with Rule 39. *See* FED. R. CIV. P. 39(a) ("When a jury trial has been demanded under Rule 38, the action must be designated on the docket as a jury action.").

Plaintiff's motion also appears, however, to request that the Court immediately schedule the case for trial. This request is premature. *See id*. The parties have not conducted any discovery, and a number of defendants have yet to be served. Thus, to the extent plaintiff is seeking an immediate jury trial, his request is premature. *See Henslee v. Simmons*, No. 1:04CV152, 2010 WL 1434294, at *2 (W.D.N.C. Apr. 6, 2010); *Meekins v. Law*, No. 3:CV-06-1321, 2009 WL 1321647, at *1 (M.D. Pa. May 12, 2009). Finally, to the extent plaintiff is arguing that he has a right to a jury trial notwithstanding any determination by the Court that he has failed to state a claim under Rule

12(b)(6) or has failed to establish a genuine issue of material fact under Rule 56, his argument is without merit. Rule 38 merely preserves "[t]he right of trial by jury as declared by the Seventh Amendment to the Constitution–or as provided by federal statute[.]" FED. R. CIV. P. 38(a). Dismissal for failure to state a claim under Rule 12(b)(6) or summary judgment under Rule 56 does not deprive a litigant of his Seventh Amendment right to a jury trial. *See Biegas v. Quickway Carriers, Inc.*, 573 F.3d 365, 373 n.3 (6th Cir. 2009) (citing *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 336 (1979); *Fidelity & Deposit Corp. v. United States*, 187 U.S. 315, 319-21 (1902)) (summary judgment); *Christensen v. Ward*, 916 F.2d 1462, 1466 (10th Cir. 1990) (dismissal).

Accordingly, the Court should note plaintiff's jury trial demand and direct the Clerk to designate this case as a jury action on the docket in accordance with Rule 39, but in all other respects should deny plaintiff's motion.

## F.   *Conclusion*

In view of the foregoing, the Court should grant the MDOC defendants' motion for summary judgment and grand the PHS defendants' motion to dismiss. The Court should also deny plaintiff's motions to stay, for default judgment, for preliminary injunction, and for jury trial.

## III.   NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party

21

might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.


                                        s/Paul J. Komives
                                        PAUL J. KOMIVES
                                        UNITED STATES MAGISTRATE JUDGE
Dated: 8/10/11


> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and  by electronic means or U.S. Mail on August 10,  2011.
>
>                       s/Eddrey Butts
>                       Case Manager

22